Nos. 04-01-00590-CR, 04-01-00709-CR,


04-01-00710-CR & 04-01-00711-CR


Debra Connor FRY,


Appellant



v.



STATE of Texas ,


Appellee



From the 216th Judicial District Court, Kerr County, Texas


Trial Court Nos. A01-179, A93-127, A98-252, & A01-180


Honorable Stephen B. Ables, Judge Presiding



PER CURIAM


Sitting: Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: January 16, 2002


APPEALS DISMISSED FOR LACK OF JURISDICTION


 On December 13, 2001, we ordered appellant, Debra Connor Fry, to show cause, no
later than December 26, 2001, why these appeals should not be dismissed for lack of
jurisdiction. Counsel for appellant responded that the only issue for appeal in each of these
four cases is the voluntariness of the plea. We dismiss the appeals for lack of jurisdiction for
the following reasons.

 Fry pled nolo contendere to charges of robbery (habitual) and misdemeanor theft with
two prior theft convictions (a State jail felony). Pursuant to plea bargain agreements, the trial
court sentenced Fry to twenty-five years and two years imprisonment, respectively, with the
sentences to run concurrently. The sentences are within the terms of the plea bargain. Fry
filed notices of appeal alleging ineffective assistance of counsel and the involuntariness of
her pleas.

 When a judgment is rendered on the defendant's plea of nolo contendere pursuant to
a plea bargain in a felony case, and the punishment assessed does not exceed the punishment
recommended by the prosecutor and agreed to by the defendant, the defendant's notice of
appeal must (a) specify the appeal is for a jurisdictional defect; (b) specify the substance of
the appeal was raised by written motion and ruled on before trial; or (c) state the trial court
granted permission to appeal. Tex. R. App. P. 25.2(b)(3); Young v. State, 8 S.W.3d 656,
666-67 (Tex. Crim. App. 2000). This Court's jurisdiction is limited to consideration of the
matters set forth in Rule 25.2(b)(3). White v. State, No. 123-01, 2001 WL 1539153 (Tex.
Crim. App. Dec. 5, 2001); Cooper v. State, 45 S.W.3d 77, 78 (Tex. Crim App. 2001). Fry's
notices of appeal set forth none of the matters required for jurisdiction under Rule 25.2(b)(3).

 In addition, Fry pled true to the State's motions to revoke her deferred adjudication
community supervision on charges of forgery and credit card abuse. The trial court
proceeded to adjudicate the offenses and Fry was sentenced to twenty-five years and two
years confinement, respectively, with the sentences to run concurrent with the sentences for
robbery and theft. Fry filed notices of appeal alleging ineffective assistance of counsel and
the involuntariness of her pleas on the motions to revoke. 

 Article 42.12, section 5(b) provides that in a case involving deferred adjudication, no
appeal may be taken from the trial court's decision to proceed to an adjudication of guilt.
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2001); see Connolly v. State,
983 S.W.2d 738, 741 (Tex. Crim. App. 1999). Further, if the appellant's notice of appeal
does not comply with Rule 25.2(b)(3), this Court only has jurisdiction to consider issues
relating to: (1) the process by which the appellant was sentenced; or (2) whether the original
judgment deferring appellant's adjudication is void. See White v. State, No. 123-01, 2001
WL 1539153 (Tex. Crim. App. Dec. 5, 2001); Nix v. State, No. 793-00, 2001 WL 717453,
at *2 (Tex. Crim. App. June 27, 2001); Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim.
App. 2001); Cooper v. State, 45 S.W.3d at 78. Appellant has not raised and we have found
no evidence of irregularities in the adjudication sentencings or the original judgments
deferring adjudication. 

 Appellant's notices of appeal fail to comply with the requirements of Rule 25.2(b)(3);
therefore, they confer no jurisdiction on this Court. Accordingly, the appeals are dismissed
for lack of jurisdiction. Tex. R. App. P. 42.3(a).

 Per Curiam

Do Not Publish